In The United States District Court For The Middle District Of Alabama, Northern Division

2006 JUL 17 A 9:45

Michael D. Anderson, Et. Al.,
              Plaintiff,
Vs.
Paul Whaley II, Et. Al.,
Mike Slatton, Et. Al.,
A. Coleman, Et. Al.,
State Of Alabama, Et. Al.,
              Respondents,

Civil Action No.# 2:06cv620-WKW
                                CSC

Jurisdiction:

This Honorable Court has Jurisdiction over the above said individuals to this Civil Action, And the Subject matter Jurisdiction contain in this Suit pursuant to §1983 and §1985, And §1981 for Constitutional Violations of Rights Under The United States Constitution;

The Plaintiff Michael D. Anderson is an inmate at the Bullock County Correctional Facility, P.O. Box 5107, Union Springs, Alabama - 36089. The Plaintiff has been incarcerated for 9-years and 11-months, and has had only 2-disciplinaries within his whole incarceration. These 2-disciplinaries were given on the Mississippi transfer to the private prison for assisting another inmate with some legal work in that facility with no law library.

1.

The plaintiff has made his focus of this incarceration, one to achieve all the basic behavior modifications needed to return to society. The plaintiff has completed the following trades and programs;

(1) Barbering Trade;
(2) Substance Abuse Program;
(3) Stress Management;
(4) Anger Management;
(5) Reality Therapy;
(6) Value's Classification;
(7) Domestic Violence;
(8) Personal Developement;

On February 14, 2006, the plaintiff was approved for Elmore County Correctional Facility, the plaintiff appealed the decision to the Central Review Board. The plaintiff was eligible for a minimum work camp according to the Alabama Classification Manuel, but was diverted to another level-4 facility. When plaintiff received his report back from the Central Review Board, he noticed that there was a racial coment made by Mike Slatton.

On March 29, 2006, the plaintiff filed a Writ of Habeas Corpus in the Montgomery County Circuit Court, challenging the decision that was made by the Central Review Board regarding the custody change and transfer that was recommended by his classification worker Mrs. Cottrell. (SEE Exhibit "1");

2.

On May 12, 2006, Mr. Paul Whaley submitted an affidavit before the Montgomery County Circuit Court, where he made unprofessional, irrational, and personal statements against the plaintiff. No agent of the state should impose these types of remarks, because they display prejudicial and racially motivated thoughts of one acting as a professional agent of the state. These are statements used in the affidavit submitted by the Director of Classification Paul Whaley: (See Exhibit 2(A)(B)(C));

2-(A) - The plaintiff demands a custody change to a lesser restricted institution;

* Finally, he rationalizes his crime of murder by... alleging he was merely protecting his son;

2(B) - The theft case occurred on probation and was, in fact, an act of violence that involved elements of a car-jacking. The victim was shot in the finger and threatened with a knife.

* All less restrictive placements, programs, and custodies are privileges to which no criminal offender enjoys the right or entitlement of consideration, let alone, participation.

* Michael Anderson is a violent societal predator;

* With a life sentence, that means unless paroled, he will die in an appropriate institutional facility commensurate with both his crime and security needs;

* It is clear to any reasonable person that Anderson still poses a significant risk to society;
* Inmate Michael Anderson is still dangerous. He has has shown not only a complete contempt for the law, and rights of those who have had to bear his criminal depredations over many years, but demonstrated to the (A.D.O.C.) that he intends not to do so; (SEE Exhibit "2(b)").

The plaintiff submits that the Affidavit Paul Whaley II submitted on May 12, 2006 was in fact perjured testimony, and he is due prosecution. Because the plaintiff never demanded to go to work-release, never carjacked or shot the victim in the finger and threatened them with a knife. The theft charge stemmed from the unauthorized use of the plaintiff's girlfriend truck, and she shot herself in attempt to shoot the plaintiff, no knife was involved.

Paul Whaley II described the plaintiff as a "Predator", which is an animal, and this lowrates the plaintiff as a African American Black man. Paul Whaley II says that the plaintiff is still dangerous, and poses a significant risk to society, and has demonstrated that he has no intention to change to the Alabama Department of Corrections. But the plaintiff has achieved many behavior modification within his 9-years and 11-months

4.

while incarcerated. The plaintiff has submitted his time sheet to this Honorable Court, to show that he only has had (2) disciplinaries the whole time he has been in prison. And these disciplinaries are the result of him assisting another Alabama inmate with legal work while they were housed in Mississippi, and we didn't have a proper law library. (SEE Exhibit #3(a)(b)).

The plaintiff has completed a trade of barbering, and has completed many more programs that the system offers, and has submitted the ones that he has not sent home as Exhibits. (SEE Exhibits #4,5,6,7).

The defendant Paul Whaley II is the director over the Central Review Board, but does not show that he knows what the classification manuel says. However, on page #33 of the inmate classification manuel, it states that Non-Heinous Homicides may be considered for level Two-Custody placement. On November 16, 2006, the Commissioner for the State of Alabama stated that inmates in all three catagories under review (Murder, Manslaughter, and Criminally Negligent Homicide) will continue to be eligible for Community Work Center placement. (SEE Exhibit #8).

The rights to procedural due process of the Fifth and Fourteenth Amendments prohibit the State Government from depriving a person of life and liberty without due process.

And it is constitutionally sufficient to protect against any unjustified deprivation, therefore, policies and regulations containing mandatory language, which enforces policies, created a liberty interest. SEE Dzana-v-Foti, 829 F.2d. 558, 560-61 (5th Cir. 1987). And plain error exist when a substantial right of the plaintiff has been adversely affected. See Ex Parte Smith, 581 So. 2d. 531 (Ala. Crim. App. 1991).

Paul Whaley II has submitted his affidavit with all of his degrees and qualifications to be this substantial person of high rank, but still, he has only be granted a job as a state employee. And with his 27-years, with all areas in classification, it would seem that he is aware of what the classification manuel says about the plaintiff being within 2-years of his E.O.S. or parole date, with minimum custody, and plaintiff can be placed in a minimum work camp facility. (See Exhibit "2(a)(b)").

And being the professional state employee that Paul Whaley II presents in his affidavit, he should know that his degrees and qualifications to address any person as being a predator. The plaintiff has submitted substantial evidence to show cause that false information within Paul Whaley's II affidavit is being relied upon in denying the plaintiff placement in a less restricted work camp facility which he is eligible for. (See Exhibit "2(a)(b)(c)").

The information that Paul Whaley II has presented is clearly erroneous, arbitrary, and therefore not consistant with the State's Administrative Procedures Act. And failure to comply with its own rules and regulations is legally subject to Judicial review of the administrative action against the Department of Corrections Classification Division.

This court should conduct a full and fair investigation into the actions of Paul Whaley II and the other defendants in this action. Paul Whaley is proud to show that he is a Confederate that fought to keep slavery among African Americans (Blacks), and he does not hide his actions about how he feels about Black men, even in the position he holds. (See Exhibit #2(a)(b)(c)).

I understand that the prison system is a modern day slavery plantation, a large industry in Alabama, and it's agents make a mockery of the United States Constitution. A Black man has no rights in the eyes of the Alabama Political and Court system. And Paul Whaley said that the plaintiff may die in an appropriate institutional facility commensurate with both the plaintiff's crime and security needs. This is not professional thinking by Paul Whaley II, and he is acting out of his individual capacity of thinking: (See Exhibit #2(b)).

7.

Since this court is one that abides under the laws and constitution of the United States, let's see how fair and impartial it would be in bringing to justice, a Confederate (Paul Whaley II) who has given an affidavit that the Black plaintiff is a Predator (animal). And this court can't speak of immunity, because Paul Whaley II was speaking out of his individual state of mind, which is Racist and Prejudicial.

Under the United States Government Corporations, I am a (Slave/Debtor) by which the secure money from another means, but don't be so open in showing this to me in written statements. For Paul Whaley II disgracing and prejudicially, being Racist in the performance of a job I'm helping him to Keep, I ask for $50,000.00 (Fifty Thousand Dollars) in Punitive Damages, $10,000.00 (Ten Thousand Dollars) in Compensatory Damages, and ask that he be removed from his job duties from the state for his Racist public statements.

Respectfully Submitted,
Michael D. Anderson
Michael D. Anderson