
| | |
|---|---|
| STATE OF ALABAMA: | CIVIL ACTION NO. 06-895 |
| MONTGOMERY COUNTY: | ANDERSON, MICHAEL #156270A |

## AFFIDAVIT

My name is Paul Whaley II and I am presently employed as the Director of Classification, Alabama Dept. of Corrections, P O Box 301501, Montgomery, Alabama 36130. I am over the age of twenty-one years. I have 27 years' experience with the Alabama Dept. of Corrections, all in the area of inmate classification. I worked at Kilby as the institutional classification specialist for five years managing a caseload as well as performing intake and reclassification duties. Following that, I served 9 ½ years as a member of the Central Review Board where the vast majority of classification determinations statewide relative to placements, programs, custodies, institutional assignments and security levels were made. I have served as the Director of Classification for 13 years. I have attended specialized training with the National Institute of Corrections. I hold Masters' degrees in both Criminal Justice and Counseling. I hold a specialized instructor's certificate (#647) issued by the Peace Officers' Standards and Training Commission. I have given presentations around this state to Circuit Judges, District Attorneys, and attorneys for CLE credit. I am qualified to testify to the following with respect to the issues raised in this pleading.

Inmate Michael Anderson #156270A is a violent and repeat criminal currently serving life in prison for murder.

In his complaint, inmate Anderson challenges the validity of his custody change and alleges discrimination because he was not handed a transfer to a less restrictive institution merely because he so demands. He further attempts to ameliorate the severity of his prior acts of violence by not only citing how long ago they occurred, but alleging that there was no victim injury. Finally, he rationalizes his crime of murder by alleging he was merely "protecting" his son.

What are the facts? There is no issue of "validity" of a custody change because none occurred. Further, the parole review upon which Anderson seems to place so much stock is but his first on a life sentence and the probability that parole will be granted then


DEFENDANT'S EXHIBIT 2

Page 2 Anderson, Michael #156270A

or anytime in the foreseeable future by the Pardon and Parole Board is, from my experience, exceedingly unlikely. The prior crimes of violence which Anderson treats in such a cavalier and nonchalant manner were, in fact, serious crimes of record. The "theft" case occurred on probation and was, in fact, an act of violence that involved elements of a car-jacking. The victim was shot in the finger and threatened with a knife. The murder is a matter of record and regardless of whatever effort Anderson may wish to rationalize his act, the conviction of murder speaks to the intent and the victim is no less dead. The act of murder appears to have been committed in front of Anderson's own son as well.

All less restrictive placements, programs, and custodies are privileges to which no criminal offender enjoys any right or entitlement of consideration, let alone participation.
✱ Michael Anderson is a violent societal predator. His sentence for the murder was intended not only as punishment, but to remove him from free society for a significant period of time. With a life sentence, that means unless paroled, he will die in an appropriate institutional facility commensurate with both his crime and security needs.

As with any other murderer, Anderson is barred from ever being considered for work release (community custody). The best he can hope to ever achieve is assignment to a custody or placement in a minimum institution which could afford him unsupervised contact with the public. Based on this complaint which is clearly indicative of a definite lack of any sense of responsibility or awareness of the depth and severity of his criminal actions, it is clear to any reasonable person that Anderson still poses a significant risk to society. The denial was appropriate. Not acceding to the opinions or demands of Anderson does not constitute any violation of guidelines nor violate any right he alone may believe himself entitled. The primary directive of the Alabama Department of Corrections is to insure the protection of the public and to that end all determinations of classification must and will be predicated.

✱ Inmate Michael Anderson is still dangerous. He has shown not only a complete contempt for the law and the rights of those who have had to bear his criminal depredations over many years, but demonstrated to the satisfaction of the ADOC that he intends not to do so. This is not to say that one day he may not achieve in the future that which he thinks himself entitled now, but less restrictive are simply not handed out by

Page 3 Anderson, Michael #156270A

demand to criminal offenders. No right of this inmate has been violated.

_____
Paul Whaley II

STATE OF ALABAMA:

COUNTY OF MONTGOMERY:

SWORN TO AND SUBSCRIBED before me this the 12th day of May, 2006.

_____
Notary Public

Page 3 Anderson, Michael #156270A

demand to criminal offenders. No right of this inmate has been violated.

_____
Paul Whaley II

STATE OF ALABAMA:

COUNTY OF MONTGOMERY:

SWORN TO AND SUBSCRIBED before me this the 12th day of May, 2006.

_____
Notary Public