IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL ANDERSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 2:06-CV-620-WKW-CSC |
| PAUL WHALEY II, ET AL. ) | |
| ) | |
| Defendants. ) | |

## SPECIAL REPORT

COME NOW the Defendants, **Paul Whaley II, Mike Slatton and Annette Coleman**, by and through undersigned counsel, and in accordance with this Honorable Court's July 20, 2006 Order, offer the following written report:

## PARTIES

1. The Plaintiff, Michael Anderson is an inmate of the Alabama Department of Corrections.

2. Defendant Paul Whaley II is the Director of Classification for the Alabama Department of Corrections.

3. Defendant Mike Slatton is a member of the Central Review Board of the Alabama Department of Corrections.

4. Defendant Annette Coleman is a Classification Specialist Supervisor with the Alabama Department of Correctons.

## EXHIBIT

EXHIBIT 1 – Affidavit of Paul Whaley II

1

EXHIBIT 2 – Affidavit of Mike Slatton

EXHIBIT 3 – Affidavit of Annette Coleman

## PLAINTIFF'S CLAIMS

Plaintiff claims that he was denied a lower security placement classification due to racist motives of the defendants and the utilization of false and erroneous information. Plaintiff has demanded $60,000 in damages and other equitable relief.

## DEFENDANTS' RESPONSE

1. The Defendants deny that they violated any of Plaintiff's constitutional rights.

2. The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.

3. The Plaintiff has failed to state a claim upon which relief may be granted.

4. The Plaintiff makes no specific allegations against Defendants Coleman and Slatton.

5. The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

6. The Defendants are immune from suit due to qualified immunity.

## STATEMENT OF FACTS

The plaintiff, a convicted murderer serving a sentence of life imprisonment, in a desperate attempt to have his custody classification lowered to a less restrictive assignment, has directed outrageous statements not only toward the defendants in this case, but has also slandered the entire judicial system in the State of Alabama, The Alabama Department of Corrections and has even gone as far as to challenge the integrity

of this very court. Plaintiff's inflammatory complaint is baseless and does not rise to the level of any recognized cause of action.

In January of 2006, Defendant Slatton denied a recommendation that Plaintiff be transferred to a less restrictive honor camp. There was no racial motivation in doing so. Furthermore, none of the defendants knowingly used nay information that was false or erroneous in determining Plaintiff's classification. The information obtained by the defendants was obtained from the courts and other criminal justice agencies and is a matter of record. It was noted that Plaintiff has a long history of criminal behavior including violent crimes culminating in his current life sentence for murder. Plaintiff's criminal history indicates background that includes not only murder, but also assaults, robbery, disorderly conduct, and possession of illegal weapons. Plaintiff's classification was deemed inappropriate for lower security placement based solely on his overall criminal history. See, Exhibits 1, 2 and 3.

## ARGUMENT

Despite Plaintiff's misguided effort to claim the State's system is biased against him due to his race, the State's system for the classification of inmates has been determined to be constitutional, and has been deemed to withstand the constitutional test for discriminatory state action as the State's interests provide the rational basis necessary. See, *Thornton v. Hunt*, 852 F.2d 526 (11th Cir. 1988). Furthermore, Plaintiff has no liberty interest in any particular prison classification and therefore has suffered no constitutional violation.

The Due Process Clause of the United States Constitution only protects an individual from restraints that impose significant and atypical hardships on the prisoner in

relation to ordinary prison life. *Sandlin v. Conner*, 515 U.S. 472, 484 (1995) ( holding that inmates had no liberty interest in being free from disciplinary segregation). There is simply no liberty interest in any particular classification status. See, *Rogers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998); *Meachum v. Fano*, 427 U.S. 215 (1976) (holding that there is no liberty interest in being free from being transferred to a less agreeable prison); *Moody v. Daggett*, 429 U.S. 78, 88 (1976) (noting that inmates have no liberty interest in eligibility for rehabilitative programs). The 11th Circuit has followed this line of cases to hold that inmates have no liberty interest in being placed into work release. *Francis v. Fox*, 838 F.2d 1147, 1149-50 (11th Cir. 1988).

Because Plaintiff has no liberty interest in any particular classification, he can only state a cause of action if the defendants denied him a classification based solely on ***admittedly*** false information. See, *Monroe v. Thigpen*, 932 F.2d 1437, 1441-42 (11th Cir. 1991). There is no evidence in this case to support such a claim by Plaintiff. Plaintiff was denied a less restrictive classification based entirely on his criminal history of violent, anti-social behavior. Plaintiff's violent background is a matter of record with the courts and other criminal justice agencies. In his vain attempt to achieve less restrictive imprisonment, it is not surprising that Plaintiff has desperately attempted to discredit these sources of information by baseless and mindless accusations of racism to divert attention away from the fact that he is a convicted murderer with a history of assaults, robbery, disorderly conduct, and possession of illegal weapons. The Plaintiff simply has stated no cause of action against these defendants.

This case should also be dismissed because the Defendants are immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial

power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State; thus, the Defendants should be dismissed based on immunity.

In addition, the Defendants are protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). *Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified

5

immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295, *quoting Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878 (1979). The Defendants have not violated Plaintiff's clearly established rights; thus, they are entitled to qualified immunity.

## CONCLUSION

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law. WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

Respectfully submitted,

TROY KING
Attorney General


s/ Benjamin H. Albritton
Benjamin H. Albritton
Assistant Attorney General


ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 29th day of August, 2006, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

    Michael Anderson, AIS #156270
    Bullock Correctional Facility
    P.O. Box 5107
    Union Springs, Alabama 36089

                                    s/ Benjamin H. Albritton
                                    Benjamin H. Albritton
                                    Assistant Attorney General