In The United States District Court For The Middle District Of Alabama, Northern Division

Michael D. Anderson,
Plaintiff,

Vs.

Paul Whaley, Et. Al.,
Defendants,

Case No. # 2:06-CV-620-WKW-CSC

RECEIVED
2006 OCT 13 A 9:47
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## Plaintiff's Reply To Defendant's Answer

The defendant's in their answer before this Court, has further determined to a 1982 Disorderly Conduct that was Nolle Prossed, 1982 Reckless Driving that was dismissed, 1983 Assault 3rd that was dismissed, 1988 Possession of a Sawed-off Shotgun that was Nolle Prossed, and a 1989 Assault 2nd that was No Billed. These are mere attempts to cover up the Constitutional Due Process violations that are occuring at this time, and the Plaintiff was not convicted for those offenses used in the defendants Exhibit "C".

The defendant's has made no mention or reflected on the time sheet that has been presented as Plaintiff's Exhibit "3", which shows;

(1) Citation For A Sandwich - 8-28-2002;
(2) Citation For Bread Pudding - 8-14-2001;
(3) Citation For Short Pants - 5-29-1998);
(4) 2-Disciplinaries For Legal Work in Mississippi - 1-21-2004;

1.

The defendants are surely aware of the 10-years in which the defendants has observed the plaintiff's behavior procedures, where the plaintiff has only made positive decisions in his incarceration behavior. This would beg the question of why Paul Whaley would call the plaintiff a "Predator", and say that the plaintiff is still dangerous in prison.

Paul Whaley said in his affidavit; The parole review upon which "Anderson" seems to place so much stock is but his first on a life sentance, and the probability that parole will be granted then, or any time in the foreseeable future by the Pardon and Parole Board is, from my experience, exceedingly unlikely; Paul Whaley has shown that he has some type of influence with members of the Board of Pardons and Parole, and is confident that no parole will be granted... unto the plaintiff.

The plaintiff has seen numerous prisoners with murder cases parole from this very prison on the first time before the Parole Board, and had numerous disciplinaries over the years incarcerated. Paul Whaley also stated in his affidavit;

* With a life sentance, that means unless paroled, he will "die" in an appropriate institutional facility commensurate with both his crime and security needs;

Paul Whaley has become so caught up in his state employee position that he holds, that he will say any thing outside of his official capacity in office.

The rules and policies that govern inmate classification manuel wrote by Paul Whaley, states that the plaintiff is eligible for a work and honor camp. To not properly give the plaintiff the same afforded opportunities and privileges as other inmates with his same or similar cases, would amount to a violation of the due process clause which has occured here.

The right to procedural due process of the Fifth and Fourteenth Amendments prohibit the State Government from... depriving a person of life and liberty without due process. And it is constitutionally sufficient to protect aginst an unjustified deprivation. Therefore, policies and regulations containing mandatory language, which enforces policies, created a liberty interest. See <u>Ozana-v-Foti</u>, 829 F.2d. 558, 560-61 (5th Cir. 1987). And plain error exist when a substantial right of the plaintiff has been adversely affected. See <u>Ex Parte Smith</u>, 581 So.2d.531 (Ala. Crim. App. 1991).

The plaintiff has attached his sworn affidavit of the true facts as Exhibit #9, and Exhibits 10, 11, & 12, of other cases in which Paul Whaley has wrongly classified inmates. This civil action is due for a full hearing on the merits.

Respectfully Submitted,
<u>Michael W. Anderson</u>

Done this 10th day of October 2006;

3.

## Certificate of Service

I hereby certify that a copy of the foregoing has been served on all interested parties, by placing a copy of the same in the United States Mail, postage prepaid and addressed to the following;

Clerk of the Middle District of Alabama
Northern Division
P.O. Box 711
Montgomery, Alabama - 36101-0711


Office of the Attorney General
11 South Union Street
Montgomery, Alabama - 36130


Done this 10th day of October 2006;

Respectfully Submitted,
Michael W. Anderson

4.