## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

Jeremy Todd Guthrie,
    Petitioner,

    -V-

                                  **CASE NO: CC-98-164-M**

Richard Allen, Commissioner,
Paul Whaley, Classification,
    Respondents,

### PETITION FOR WRIT OF CERTIORARI PURSUANT TO 41-22-3(1) (9) ALABAMA CODE 1975

        Comes now Jeremy T. Guthrie, the above pro-se Petitioner, who is indeed a State Prisoner within (Alabama Department of Corrections). Therefore petitions this Honorable Court for the issuance of a Writ of Certiorari, the above named respondents are defendants. Petitioner shows following;

    (1) The Department of Corrections and its agents is an administrative agency within the legal scope of the Administrative Procedure Act (A.P.A.), Code of Alabama 1975. Section 41-22-3(9): **EX PARTE PINKARD –V- STATE,** 859 So. 2d. 449, 450, 2003 (Ala. Crim. App.), (MS. 1010923 June 7, 2002) So. 2d.____2002 Ala. LEXIS 176 (Ala. 2002).

    (2) The Petitioner will submit before this Honorable Court exhibit of factual legal documents as part of these pleadings that will clearly show legal merits of Petitioner's claim that the Classification Division of the (Alabama Dept. of Corrections) did knowingly and intentionally use false information to illegally re-classify the petitioner as a restricted inmate. This restricted now denies him the basic entitlement as State prisoner to a less restricted facility institution including honor camp, as well as community based facilities. This is in violation of his constitutional rights to due process under the 5th and 14th Amendments of the United States constitution and the Alabama Constitution (1901), Article I, Sections 1.6 and 22. Wherefore, the legal merits involved in this factual dispute, challenges the legality of the restrictions, and demonstrates the invalidity of the Classification action of imposing the invalid restrictions. (SEE: attached exhibits).

    (3) Petitioner avers that the (Ala. D.O.C.) Classification Division and its agents intentionally and inappropriately manipulated legal court documents and falsely re-charged and accused the Petitioner with Capital Murder 13A-5-40, Code of Alabama 1975. As the reasoning in justifying continuing use of restricted policies under administrative regulations 401, 402, 420 and 432. Which all of these regulations support the objective risk assessment policies, and provides the actual guidelines for decision making in accordance with the (Ala. D.O.C.) Classification Manual as

revised in October 2002, Page 1 introduction / definitions / procedures. And pages 32 and 33, restricted conviction offenses. The Petitioner was tried by a jury and found guilty of Attempted Murder and has never been convicted of Capital Murder which Classification has illegally lodged in the Petitioner's institutional file, and thus called unjustified deprivation of privileges implemented by the statute. (SEE: attached exhibits).

(4) Therefore, according to the administrative classification manual page 23 responsibilities: the direction of classification, namely Paul Whaley will assure the approved policy, regulation complies with the State laws, and existing court orders review. In addition, make sound recommendations for up-dating classification policy and classification manual. He is also the direct supervisor of the (Ala. D.O.C.) central review board agency. Moreover, answers only to the authority of the commissioner of the (Ala. D.O.C.) namely Richard Allen.

(5) Petitioner avers that he has exhausted all administrative remedies, to allow the director of classification to show cause or actual legal evidence to support a legitimate claim of Capital Murder to justify the continuous use of the restricted designation. (SEE: attached exhibits).There is no grievance procedure or process within the (Ala. D.O.C.) to initiate having erroneous and or false information expunged from Petitioner's institutional file. Wherefore, the false information is being relied on denying Petitioner's due process after the (Ala. D.O.C.) classification division refused or failed to correct the matter. (SEE: attached exhibits); also **MONROE –V- THIGPEN**, 932 F. 2D. 1437 (11th Cir. 1991).

## CONCLUSION

Petitioner avers that this petition for Writ of Certiorari is the proper vehicle for challenging the administrative decision of a State agency. SEE: **PINKARD –V- STATE,** 859 So. 2d. 449, 450, 2003 (Ala. Crim. App. LEXIS 86 at 3) (Ala. Crim. App. 2003).

Therefore, this action against the (Ala. D.O.C.) classification division has proper jurisdiction venue in the Circuit Court of Montgomery County, Alabama. SEE: **EX PARTE DERAMUS,** (ms. 1010923, June 7, 2002) So. 2d._____2002. Ala. LEXIS 176 (Ala. 2002). Therefore, the premises considered that the Writ of Certiorari is due to be issued to the respondent.

Done this _____day of _____2006.

Respectfully Submitted,

_____
Jeremy Todd Guthrie
Bullock Correctional Facility
Post Office Box 5107
Union Springs, Alabama 36089-5107