# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**MAYNARD V. OWENS, PRO-SE
PETITIONER,**

-V-

**ALABAMA DEPARTMENT OF CORRECTIONS
CLASSIFICATION DIVISION,
RESPONDENTS,**

CASE NO:_____

**PETITION FOR WRIT OF CERTIORARI
PURSUANT TO SECTION 41-22-3 (1)(9),
CODE OF ALABAMA (1975)**

**PRO-SE REQUEST FOR REVIEW, CONSIDERATION,
AND JUDGMENT ACCORDING TO
THE UNITED STATES SUPREME COURT DECISION OF
<u>HINES –V- KERNER,</u> 404 U.S. 519, 520-21 (1972)**

**MAYNARD V. OWENS #137178
104 BULLOCKS, DRIVE
POST OFFICE BOX 5107
UNION SPRINGS, ALABAMA 36089-5107**

# IN THE CIRCUIT COURT OF MONTGOMERY, ALABAMA

**Maynard Owens, [Pro-Se]**
    **Petitioner,**

                                                  **CASE NO:_____**

-V-

**Alabama Dept. of Corrections,**
**Classification Division,**
    **Respondents,**

### Petition For Writ of Certiorari
### Pursuant to Section 41-22-3 (1)(9) Code of Alabama (1975)

Comes now Maynard Owens, a Pro-Se Petitioner in the above styled cause and petitions this Honorable Court for the issuance of a Writ of Certiorari to the respondent, respectfully.

(1) The Department of Corrections (D.O.C.) is an administrative agency within the scope of the Administrative Procedure Act (A.P.A.) Code of Alabama, (1975), Section 41-22-3 (1) and therefore, judicial review "can only be by Petitioner for Writ of Certiorari" (Code of Ala. 1975), 41-22-3(9), **EX PARTE BOYKINS,** 862 So. 2d. 587 (Ala. 2002).

(2) Attached hereto, the Petitioner submits exhibits marked (A) through (G) as part of these pleadings that shows that the Classification Division of the (Alabama Dept. of Corrections) did knowingly and intentionally on June 21, 2004. Re-classify the Petitioner as a "Heinous Restricted" offender, which violated his fourteenth Amendment Rights to "Due Process" of the United States Constitution. SEE: exhibits (A), (B) and (C). This "Restricted Code" has increased the Petitioner's custody level placement, such as Honor camp assignment for which he is eligible to be assigned to. SEE: exhibit (D) (revised policies), dated November 16, 2005.

(3) The Petitioner entered the Dept. of Corrections on March 31, 1998, without a "restricted code" and his approved custody level medium. SEE: exhibit (E) the Petitioner was never sentenced as a "Heinous" or "Multiple Homicide" offender for which the Classification Division has erroneously used against him. SEE: exhibits (A), (B), and (C). The "R" suffix designation after his A.I.S. Number has now made the Petitioner ineligible for a minimum-

security honor camp placement and it contradicts the Petitioner's present minimum-security level. SEE: exhibits (B) and (C).

(4) The Petitioner argues that he has been serving his sentence in minimum security (custody) over three(3) years now, and the restricted designation has made him "ineligible" for further less-restrictive advancement within the (Dept. of Corrections): despite an impressive record (institutional file). Petitioner's right to Due Process and Equal Protection of the laws under the Fourteenth Amendment of the United States Constitution, and the Alabama Constitution (1901) when he was intentionally denied a Due Process hearing before being classified as a Heinous / restricted or multiple Homicide Offender. Also, a copy of the Classification Division's decision to proceed against the Petitioner, was not provided to him. SEE: **EDWARDS –V- STATE,** 866 So. 2d. 610 (Ala. Crim. App. 2002).

(5) The (Dept. of Corrections) Classification Division has intentionally violated their own administrative policy under Administrative Regulations 401, 402, 425, and 432 as defined in the Inmate Classification Manual, page 32 section (A) which states that "Multiple Homicides", two (2) or more killings in the present offense, present and prior killing of record of multiple prior killing of record will never be eligible for level two custody placement. However, on page 33, of the inmate Classification Manual, it states that "Non-Heinous Homicides" may be considered for level two custody placement. And that the Director of Classification, namely Paul Whaley, will assure that approved policy and regulations comply with State laws and existing court orders. SEE: exhibits (D), as well as (D.O.C.) Classification Manual.

(6) The Petitioner, is presently serving one (1) Felony Offense of Murder, Section 13A-6-2, (Ala. Code 1975) out of Mobile County. SEE: exhibits (A), (B), and (C), inmate summary. And Petitioner was convicted twenty-two (22) years ago on one (1) count of Manslaughter, Section 13A-6-3, (Ala. Code 1975) dated January 30, 1984. SEE: exhibit (F). At "no time" has the Petitioner served a sentence of Multiple convictions, nor was he ever convicted as a Heinous Offender inside a legal court of law. Whereas, there are only two (2) legal Felony convictions of record against the Petitioner, which are twenty-two (22) years apart, and have never been served as multiple and / or Heinous convictions.

(7) The rights to Procedural Due Process of the Fifth and Fourteenth Amendments prohibit the State Government from depriving a person of life and liberty without Due Process. And is constitutionally sufficient to protect against any unjustified deprivation. Therefore, policies and regulations containing mandatory language, which enforces polices created a liberty interest. SEE: **DZANA –V- FOTI,** 829 F. 2d. 558, 560-61 (5th Cir. 1987). And plain error "exist" when a substantial right of the Petitioner has been adversely affected. SEE: **EX PARTE SMITH,** 581 So. 2d. 531, (Ala. Crim. App. 1991).

(8) The Petitioner, has submitted substantial evidence to show cause that false information which labeled him as a Heinous / Restricted Offender and which is being relied upon in denying him a less restricted institutional placement is clearly erroneous arbitrary. Therefore, not consistent with the State's Administrative Procedures Act, and failure to comply with it's own rules and regulations is legally subject to judicial review of the administrative action against the (Dept. of Corrections) Classification Division.

## CONCLUSION

A Petitioner, for Writ of Certiorari is the proper vehicle for challenging the administrative decision of a State Agency. SEE: **PINKARD –V- STATE,** 859 So. 2d. 449, 450 (2003) (Ala. Crim. App.) LEXIS 86 at 3, (Ala. Crim. App. 2003). Whereas, this petition is against the (Dept. of Corrections) Classification Division, and venue is proper in the Montgomery County Circuit Court.

Therefore, the premises considered is that Petitioner's petition for Writ of Certiorari is due to be issued to the Respondent as petitioned for herein.

Respectfully Submitted,

_____
Maynard Owens