# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**MICHEAL SHAWN WHITE,**
**PETITIONER,**

**-V-**

**CHARLES BLACKLEDGE - SUPERVISOR**
**PAUL WHALEY - DIRECTOR OF THE**
**CLASSIFICATION DIVISION**
**ALABAMA**
**DEPARTMENT OF CORRECTIONS,**
**RESPONDENTS,**

**CASE NO:** _____

**PETITION FOR WRIT OF CERTIORARI PURSUANT  TO SECTION; 41-22-3.(1)(9)**
**ALABAMA CODE (1901)**

**PRO-SE REQUEST FOR REVIEW / CONSIDERATION AND JUDGEMENT**
**ACCORDING TO THE <u>UNITED STATES SUPREME COURT</u> DECISION OF <u>HAINES –</u>**
**<u>V- KERNER,</u> 404 U.S. 519, 520-21 (1972); AND <u>PINKARD –V- STATE,</u> 859 SO. 2d. 449,**
**450, 2003. (ALA. CRIM. APP.) LEXIS 86 AT 3. (ALA. CRIM. APP. 2003)**

**PETITIONER'S MAILING ADDRESS**

_____
**MICHEAL SHAWN WHITE # 195100**
**BULLOCK CORRECTIONAL FACILITY**
**POST OFFICE BOX 5107**
**UNION SPRINGS, ALABAMA 36089-5107**

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**Michael Shawn White,**
      **Petitioner,**

                                           **Case NO: _____**

      **-V-**

**Charles Blackledge- Supervisor**
**Paul Whaley – Director of the Classification**
**Division, Alabama Department of Corrections,**
      **Respondents,**

## Petition for Writ of Certiorari Pursuant to Section 41-22-3(1)(9) Alabama Code (1901).

      Comes now Michael Shawn White, the above name Petitioner is indeed a State Prisoner within the (Alabama Department of Corrections) namely Bullock Correctional Facility, Union Springs, Alabama. Wherefore, the writer of this Pro-Se, petition moves this court for the issuance of "Writ of Certiorari". To the above cited Respondents in this cause as follows respectfully:

(1) The Department Corrections (D.O.C.) is an administrative agency within the scope of the Administrative Procedure Act. (A.P.A.) Code of Alabama (1975), Section 41-22-3(1). Therefore, judicial review "can only be by" petition for "Writ of Certiorari", Code of Alabama (1975), Section 41-22-3 (9) **EX PARTE BOYKINS,** 862 So. 2d. 587 (Ala. 2002); See also, **EDWARDS –V- STATE,** 866 So. 2d. 609, 610 (Ala. Crim. App. 2003); and **PINKARD –V- STATE,** 859 So. 2d. 449, 450 2003, (Ala. Crim. App.) LEXIS 86 at 3 (Ala. Crim. App. 2003). Wherefore, the "State Board of Corrections" (Acts 1979), NO. 637, Pg. 883, 1) and Code of Commissioner's note- Acts 1979, NO. 79-426, Pg. 667, effective October 1, 1979. Abolished the "Board of Corrections" and vested all its rights, duties, power, property, funds, personnel has, etc., in the Governor. In addition, authorized him to exercise such functions and duties "himself" or through designated administrators by and through his appointment "only". SEE: 14-1-15 through 14-1-17 Code of Alabama (1975). Which in terms would be a member of the Governor's Cabinet, namely a Commissioner of Corrections?

(2) Attached here to, the Petitioner submits exhibits marked (A) through (H) as part of these pleadings which shows legal "merits" before this Honorable Court, that the Classification

Division of the (Ala. Dept. of Corrections), did knowingly and intentionally with "deliberate indifference" use false information and discriminated against the Petitioner in order to illegally classify him as a (1) Heinous Offender (2) Sex Offender for which he was never convicted of inside a court of law. In violation of the Petitioner's, Constitutional Rights of the 4th, 5th, 14th, and 8th Amendments of the United States and Alabama Constitution (1901). And this deprivation of Petitioner's , Constitutional Rights through erroneous information and discriminatory prejudice policies and practices of Charles Blackledge, Supervisor, and Paul Whaley, Director of Classification (D.O.C.). Which "denies" him the entitlement as a State Prisoner, which is afforded other State Prisoners held in (D.O.C.) custody to a "less restricted" institutional placement such as honor camp or work release assignment. In addition the taken action against Petitioner, by the Classification Division (D.O.C.). Clearly violates procedural Due Process and Equal Protection of Law as well as protection against Cruel and Unusual Punishment as guaranteed under the United States and Alabama Constitution. Wherefore, exhibits and legal merits involved in this factual dispute will challenge the legality of the imposed "restrictions" and demonstrate the invalidity of (D.O.C.) Classification policies, rules and regulations. Which clearly sweeps the U.S. Constitution under a "rug" of deceptions.

(3) Petitioner avers, in his first claim on the "Sex Offender Restriction" that the (D.O.C.) Classification Division and it's agents under strict supervision of Director, Paul Whaley intentionally and inappropriately in violation of Constitutional requirements, knowingly manipulated legal court documents and judgment orders of the Circuit Court Clerk's office of Loudon County, Tennessee. By falsely re-charging, accusing and punishing the Petitioner for a Felony "Aggravated Rape" offense for which he "was not" convicted on. SEE: exhibits (B) and (C). Judgment of conviction and legal correspondent from "Lisa Niles", Loudon County, Circuit Court. The Petitioner was arrest by "complaint" for the alleged offense of "Aggravated Rape" but he was never convicted for the offense for which (D.O.C.) Classification  Director Paul Whaley, has classed and continued to class him as "Sex Offender". In violation of his 5th and 14th Amendment Rights to "Due Process" and Equal Protection" of the Law. Moreover, a "complaint" under the provision of "State and Federal" Criminal Law is absolutely  non-amendable without the consent of the Defendant. **MANSON –V- VESTAVIA HILLS,** 518 So. 2d. 221 (Ala. Crim. App. 1987) pursuant  to Rule 13.1(C) (A.R.Cr.P.). Wherefore, (D.O.C.) Classification Director Paul Whaley, knowingly and intentionally abused his authority of discretion by manipulating court documents and inmates "pre-sentence investigation reports" (P.S.I.) of the Federal Bureau of investigations" (F.B.I.) to formulate policies, rules and regulations to fringe upon the Constitutional Rights of Petitioner. Moreover, it is well legally documented that the Petitioner "was never" indicted / convicted or punished for a criminal offense of "Rape" see; exhibit (B) and (C). The Petitioner was convicted on a misdemeanor offense of "Simple Assault" in General Session Court on February 15, 1991 Loudon County, Tennessee. SEE: exhibit (C) correspondents of Lisa Niles, Circuit Court Clerk. There was insufficient evidence to support a charge of "Rape" because it was  based upon fabricated information, "no rape" ever occurred. SEE: (G) Statement of Petitioner and (C) Clerk's document.

(4) Classification Director Paul Whaley used an "arrest of record" and not an actual Felony conviction of "Rape" to make Petitioner an ineligible participate for a "less restricted" security placement. In total, disregard to judicial rulings and orders of a General Sessions Judge, through arbitrarily policies and exploitation of Petitioner's case. Again see;

exhibits (A),(B) and (C) Court documents and exhibits (D),(E),(F) and (G) (D.O.C.) Classification Progress Review's, under direct supervision of Director Paul Whaley. The manipulated and arbitrarily policies of Director Paul Whaley, to re-charge and punish the Petitioner without legal jurisdiction of a legitimate court of law, violates Constitutional requirements of the 4th, 5th, 14th, 6th, and 8th Amendment of the United States Constitution. Therefore, due process is required whenever "Government Agency's" take deprecatory action against an individual, regardless of whether there is a "liberty" or property interest. SEE: **TOUSSAINT –V- McCARTHY,** 801 F. 2d. 1080, 1096 (9th Cir. 1986). The (D.O.C.) Classification Division functions under State Government. SEE: ACTS. 1979, NO: 79-426, Pg. 667, effective October 1, 1979. In addition, the classification criteria of its inmate population must be promulgated consistently with States (Admin. Protection Act) (A.P.A.) **JONES –V- STATE,** 64 N.Y. 2d. 1003, 1005-06, 478 N.E. 2d. 1191, 466 N.Y.S. 2d. 175 (N.Y. 1985). Wherefore, the importance in having a careful and precise definition of "rules / policies" is to distinguish the regulatory activity that resembles "legislation", applicable to all persons or a relatively large segment of the population outside the context of any specific "controversy", from administrative activity that has a more "judicial" character and which therefore ought to be "subject to judicial review". SEE: generally, **K. Davis, Administrative Law, Text,** 5.06, at 137-38 (3d. Ed. 1972). Department of Corrections Director Paul Whaley, is a twenty-eight (28) year "State employee" who identify and initiate programs and placements of it's inmate population through criteria of eligibility to qualify and participate into "less restricted" security programs and placement. However, the implementation of policies / rules / regulations are being conducted discriminatorily, prejudicially, arbitrarily in violation of the United States and Alabama Constitutions of (1901). And policies / rules / regulations are being implemented / conducted without an oversight of the Attorney Generals office, to assure that the "policy's" are not unconstitutional applied. And that these implemented policies / rule / regulation are supported by existing State and Federal Laws in character to safe guard Constitutional requirements of due process and equal protection of the law of the 5th and 14th Amendment. In addition, protection against double jeopardy of the 5th and 6th Amendments and the protection from "Cruel and Unusual Punishment" of the 8th Amendment.

(5) The Petitioner is not asserting that he has a liberty interest to a "less restricted" security placement at a (D.O.C.) honor camps or work release program. He is asserting that the (D.O.C.) Classification Division and it's Director Paul Whaley, has intentionally "labeled" him a "Sex Offender", which rendered him ineligibly to participate into "less restricted" (D.O.C.) programs, that are being afforded other State prisoners held in (D.O.C.) custody. In violation of constitutional requirements of Due Process and Equal Protection of Law of the 4th, 5th, and 14th Amendment. SEE: exhibits (D),(E) and (F) Classification progress review and actions. However, Petitioner was never convicted of "Rape" as (D.O.C.) Classification has "labeled" him. And continues to label him as by re-charging / re-accusing / re-punishing him for a crime that never was committed. In violation of constitutional requirements of double jeopardy of the 4th, 5th, 14th, and 6th Amendment. Also, in violation of the judicial process "to re-charge and punish him'. SEE: exhibits (A) (B) and (C), Legal Court Documents. The Petitioner, directs this court to important information defined inside the revised (D.O.C.) Classification Manual, Administrative Regulations support the objective risk assessment policies dated October 2000. Matter subject. **MEGAN'S LAW ACT**. 98-489. Signed into law by then Governor Fob James, dated May 1, 1998, Pg. 54-55 of (D.O.C.) Classification manual. Which

requires the community Notification Act, to be process on all (D.O.C.) Sex Offender, and it clearly states the "Sex Crimes" that apply to the "Notification Act". And the Petitioner, is not subject to the State Megan's Law, Act. 98-489. Therefore, Director Paul Whaley, is using a "policy" that was implemented as a rule and regulation, supported by "criteria's" that given (D.O.C.) inmate population. And was promulgated in total conflict with constitutional requirements. And without the legal oversight of the Attorney General to assure that the policies, rules and regulations comply with existing State and Federal Laws. Whereas, Director Paul Whaley used page 32 (E) of (D.O.C.) Classification Manual, revised October 15, 2003. To make the Petitioner "ineligible" for minimum out security level two (2). The action taken against Petitioner was done so, knowingly and intentionally in violation of the United States Constitution to arbitrarily "denied" and continue to "deny" the Petitioner "administrative justice" that is afforded other (D.O.C.) prisoners. Therefore, in pursuant to Article two (2), Title 15-20-20 (Ala. Code 1975) Community Notification Act. 1996, NO: 96-793 acknowledged by law. But refused to acknowledge by Director Paul Whaley, state that "stigmatizing" effect of being labeled as a "Sex Offender", constitutes a deprivation of "liberty" under the Due Process Clause of the United States Constitution. And a inmate who has never been convicted of a "sex crime" is entitled to due process before the "State" declares him to be a "sex Offender." **KIRBY –V- SIEGELMAN,** 195 F. 3d. 1285, 1999 U.S. App. LEXIS 29965 (11th Cir. 1999). The Petitioner was never convicted of "Rape" as Paul Whaley, claims. And the legal information in regards to Petitioner's, "misdemeanor" charge of "Simple Assault" was forward to Charles Blackledge, Supervisor at Bullock Correctional Facility. Kathy Holts, Director of Central Records, Montgomery, Ala. And reviewed by Director Paul Whaley, Classification Division, Montgomery, Ala. SEE: exhibits (C) and (H). Director Paul Whaley, knowingly and intentionally refused to acknowledge legal court documents and continue to violate Constitutional requirements without any regards of the judicial process of law. Wherefore, Petition for Writ of Certiorari, should be issued upon the Defendants to show cause and legal documents of proof through evidence of court records showing a conviction and sentence for the offense of "Rape" or any other "Sex Offense" on record to trigger the Community Notification Act 1996, NO: 96-793 under States Megan's Law, Act. 98-489. Article two (2) Title 15-20-20 (Ala. Code 1975) against the Petitioner, in order to support satisfy "restriction" requirement".

(6)   The Petitioner avers that in legal support of the "second phase" of "Petition for Writ of Certiorari" issuance to the defendants in this case action. He wish for this court to review further legal evidence of court records from Jefferson County Circuit Court Clerk's office, in the form of Case Action Summary, Page 9, 10, 12. As exhibits (I) (J) and (K)(L) and to show cause that Petitioner "was not" convicted by jury of a "Heinous Offense" for which (D.O.C.) Classification Division Director Paul Whaley, approved him to be classed as "Heinous", in order to "restrict" him from further "less restricted" placement and programs that are afforded to other State prisoners held inside (D.O.C.) custody. In violation of Petitioner's Constitutional Rights of the 5th, 14th, and 8th Amendment of the United States and Alabama Constitution of (1901). Wherefore, Director Paul Whaley and Charles Blackledge, Supervisor has violated the Due Process and Equal Protection Clause of the Petitioner, when they both knowingly and intentionally used the "Heinous restricted" code to increase his security custody placement and "denies" him a less restrictive institutional placement for which he is eligible to be assigned. SEE: exhibit (L) Commissioner's memorandum dated November 16, 2005. Also, see: (D) (E) progress reviews of restrictions dated November 5, 2003 and November 1, 2005. And a copy of the Classification Division decision to proceed against

the Petitioner, to label him as a "Heinous / restricted offender was not provided to him. Therefore, violates Due Process and Equal Protection of the Law. SEE: **EDWARD –V-STATE,** 866 So. 2d. 610 (Ala. Crim. App.2002). The Petitioner was convicted in open court in the Jefferson County Circuit Court by jury trial, for the criminal offense of "Reckless Manslaughter" Section 13A-6-3 (Ala. Code 1975) Class(B) Felony Offense. And sentenced to a prison term of twenty (20) years. SEE: exhibits (I) (J) (K) (C.A.S.). The Petitioner, is a "first time" Felony Offender, who has never been convicted of any prior felony, anywhere in the United State of America. Director Paul Whaley, knowingly violated the Constitution that given State and Federal Law when he intentionally initiate / implement policies / rules / regulations in a arbitrary and capricious manner without "oversight" and approval of the Governor of the State of Alabama. As defined in Act. 1979, NO: 79-426, Pg.667, effective October 1, 1979, abolished the "Board of Correction" and vested all it's rights, duties, property, funds, personnel's, etc. in the Governor of Alabama. And authorized him to exercise such function and duties "himself" or through a designated administrators by and through his appointment "only." SEE: 14-1-15 through 14-1-17 Code of Alabama (1975). Which in terms would be an appointed member of the Governor's Cabinet. Director Paul Whaley, is not an elected official nor is he an appointment of the Governor of the State of Alabama. SEE: 14-1-17 (Ala. Code 1975) Governor; Power's and Duties. And Statue Text, Acts. 1979, NO: 79-426 referred to in 14-1-1.(1) 14-1-15.

(7)  The Petitioner avers, that under the Criminal Statute of Law, for which he was convicted pursuant to 13A-6-3 (Ala. Code 1975) "Reckless Manslaughter". The (D.O.C.) Classification Division actions against Petitioner was indeed "vague and overboard" in classifying him as "Heinous Offender". When the Criminal Offense for which he was convicted in a "trial by jury" on May 8, 1997. SEE: exhibits (I) and (J) (C.A.S.) did not warrant his Classification as "Heinous Offender" for the offense. In violation, of due process and equal protection of the law. Whereas, the rights to procedural due process of the 5th and 14th Amendment prohibits a State Government, from depriving a person of life and liberty without due process of law. And it is Constitutionally sufficient to protect against any unjustified deprivation. Therefore, rules / regulations and policies containing mandatory language, which enforce policies, created a liberty interest. SEE: **DZANA – V- FOT,** 829 F. 2d 558, 560-61 (5th Cir. 1987) and plain error "exist" when a substantial right of the Petitioner, has been adversely affected. SEE: **EX PARTE SMITH,** 581 So. 2d. 531 (Ala. Crim. App. 1991). SEE: exhibit (C) memorandum and subject matter, "Supervised Community Work Center". Dated November 16, 2005. However, the Petitioner in this matter does not allege that he has a protected liberty interest, but instead seeks review of an administrative decision by (D.O.C.) Classification Division and it's Director Paul Whaley regarding his eligibility to participate in "less restricted" placement or programs that are afforded to other State prisoners. And a petition for "Writ of Certiorari" is the proper vehicle for challenging the administrative decision of a "State Agency". SEE: **EX PARTE BOYKINS,** [MS. 1011152, December 20, 2002] So. 2d., 862 So. 2d. 587, 2002 Ala. LEXIS, 371 (Ala. 2002).

(8)  Petitioner avers, that he has exhausted administrative remedies to have the Director of Classification to show cause of actual legal evidence to support a legitimate claim of Felony Heinous Offender as well as Sexual Offender in accordance with State and Federal Law. By means of a Felony or Misdemeanor, conviction or by orders of the court to an "enhance statute" to support the "Heinous" and "Sex Offender" restriction against

him. SEE: exhibits (A) (C) State of Tennessee, Misdemeanor "Simple Assault" conviction. And exhibits (I) (J) and (K) State Alabama, Felony "Reckless Manslaughter" conviction. There is "no" grievance procedures within the (Dept. of Corrections) to have erroneous and false information expunged from the accused institutional file. Wherefore, the false, vague and arbitraries is being relied on in "denying" Petitioner's due process after (D.O.C.) Classification Division refused to correct the matter. SEE: exhibits (C), (G), (H), (I), (J), and (K) court documents. Wherefore, false information must be expunged from a prisoner's file; **MONROE –V- THIGPEN,** 932 F. 2d. 1437 (11th Cir. 1991). Petitioner avers that (D.O.C.) Director Paul Whaley, intentionally initiate policies, rules and regulations in regards to "criteria's" to exclude the stronger oversight of the U.S. Constitution. As in the mandatory language out lined in (D.O.C.) Classification Manual page 35 (A)(B) and page 36 (C). Which both pages of the manual reflects "criteria" of State prisoner's whose crime consist of the "death of another by Heinous act". Director Paul Whaley, used only his personal opinion arbitrarily to "deny" and exclude the Petitioner eligibility to any level two (2) Facility. And freedom from arbitrary adjudication is a substantive element of ones liberty. **PEOPLE –V- RAMIREZ,** 25 Cal. 3d. 260, 158 Cal. RPTR. 316, 599, P. 2d. 622, 627 (Cal. 1979). Therefore, due process is required whenever "Governments" take deprivatory action against individual regardless of whether there is a liberty or property interest **TOUSSAINT –V- McCARTHY,** 801 F. 2d. 1080, 1096 (9th cir. 1986). The Petitioner, was convicted by a jury of his peers for the criminal offense of "Reckless Manslaughter" a Class (B) Felony. And the absent of rational justification by law and order of the court in the record. To "restrict" the Petitioner and class him as a "Heinous Offender" violates Constitutional requirement of the 4th, 5th, and 14th Amendment which "denies fair procedure practice and Due Process of Law". Therefore, the Petitioner retains right to Due Process subject to restrictions imposed by nature of "penal system" **CRUZ –V- BETO,** 405 U.S. 319, 322 N.2 (1971), 8th Amendment protection. And due process clause protects liberty or property interest only if the condition or degree of confinement "are not a part of the sentence imposed upon the inmate". The Petitioner, was not sentenced or convicted as a "Heinous or Sex Offender" inside a court of law. **KENTUCKY DEPT. OF CORR. –V- THOMPSON,** 490 U.S. 454, 460 (1989). And the illegal exploitation of the Petitioner's legal convictions to deprive him of his Constitutional Rights through discriminating and prejudice policy and practice of (D.O.C.) Director Paul Whaley, also violates Petitioners Civil Rights of the 1st and 8th Amendments.

(9)  The Petitioner avers that the Administrative Procedure Act (A.P.A.0 generally have procedural requirement for rule making. And prison rules and regulations have sometimes been "struck down" for failure to comply with them. **FAUNCE –V- DENTON,** 167 CAL. App. 3d. 191, 213 CAL.RPTR. 122, 125-126 (1985). Wherefore, (D.O.C.) Classification "criteria" must be promulgated consistently with the State Administrative Procedure Act (A.P.A.). **JONES –V- STATE,** 64 N.Y. 2D. 1003, 1005-06, 478 N.E. 2D. 1191, 466 N.Y. S. 2D. 175 (N.Y. 1985). And whether a determination was made by (D.O.C.) Director Paul Whaley, to class Petitioner as a "Heinous and Sex Offender" and made in violation of lawful procedures was affected by an error of law or was arbitrary and capricious or an abuse of discretion done so, intentionally and knowingly without any clear regards for Petitioner's Constitutional Rights is a matter of legal intervention. Wherefore, the Administrative Procedure Act (A.P.A.) provides for judicial review of prison rules pursuant to 41-22-3(9)(1) (Ala. Code 1975). SEE: **STATE PERSONNEL BD. –V- STATE DEPT. OF MENTAL HEALTH AND**

RETARDATION, 694 So. 2d. 1367, 1371 (Ala. Civ. App. 1997); citing **ELLARD –V-STATE,** 474 So. 2d. 758 (Ala. 1985); SEE: also, **ALABAMA DEPT. OF MENTAL HEALTH AND RETARDATION –V- KIRBY,** 579 So. 2d. 675 (Ala.Civ. App. 1991). The Petitioner avers that (D.O.C.) Director Paul Whaley, and his classification Division and agents weld to much unauthorized power to continue to violate (D.O.C.) own administrative policies, rules and regulations which are in total conflict with Constitutional requirements without the "oversight" of the Attorney Generals office and other appointed committee members being exempt from the general statement of policy which describes as statement issued by an "agency" to advise the public prospectively of the manner in which the State agency proposed to exercise a "discretionary power". SEE: Attorney Generals Manual on the Administrative Procedure Act. 30, N.3 (1947) the "State Agency" should discontinue discretionally allocation. And clearly as in the case of (D.O.C.) Classification Division and it's Director Paul Whaley, who implementation of policies, rules, and regulations are conducted without Constitutional safe guard and without the knowledge of the Governor of the State of Alabama where all power is vested in "him only" or a Cabinet Officer. Acts. 1979, NO:79-426. And this law is referred to in, 14-1-1(1) and 14-1-15 (Ala. Code 1975).

## IN CONCLUSION

The Petitioner, contends that he has indeed provided this Honorable Court with substantial evidence through exhibits of legal court documents, (D.O.C.) Classification actions against him. And statute of State and Federal Laws in his challenge dispute against Director Paul Whaley and Charles Blackledge, Supervisor. On the legality of the restriction imposed upon him and to have him classed as a Sex and Heinous Offender.

In violation of Constitutional requirements of the 1st, 4th, 5th, 14th, and 8th Amendments of the United States and Alabama Constitution of (1901). Whereas, the (D.O.C.) Classification Director Paul Whaley and his agents has used and continue to use erroneous and derogatory information based upon personal felling and without legal conviction or court order to support their finding relied on in "denying" Petitioner an equal opportunity o f function in a less restricted institutional placement or program that are afforded to other State prisoners through "criteria" outlined in the (D.O.C.) Classification Manual.

Therefore, Petitioner, has become ineligible due to the exploitation of his "Offenses", for which he has only one (1) felony conviction recorded on record with the "Federal Bureau of Investigation Record Division." And "no other" disposition is acknowledged. And the administrative policies, rules and regulations implemented by Director Paul Whaley, are clearly imposing liability greater than the liability imposed by Federal and State Laws as well. Wherefore, the different personal rationales of (D.O.C.) Classification Division, in reaching decisions is in total conflict with the United States constitution. And the primary goal of the Petitioner in his legal challenge is to have this "false arbitrarily" information discontinued. And the "Writ of Certiorari" is the proper vehicle for challenging the administrative decision of a State agency. SEE: **PINKARD –V- STATE,** 859 So. 2d. 449, 450, 2003. (Ala.Crim. App. 2003) and this action against the (Ala. Dept. of Corrections) Classification Division and it's Director Paul Whaley.

Wherefore, jurisdiction venue is proper in the Circuit Court of Montgomery County. SEE: **EX PARTE DERAMUS,** [MS.1010923, June 7, 2002] So. 2d. _____, 2002 Ala. LEXIS 176 (Ala. 2002); **EDWARD –V- STATE,** 866 So. 2d. 610 (Ala. Crim. App. 2002). The premises considered here that "Writ of Certiorari" is due t be issued to the respondents as petitioned for, herein.

Respectfully Submitted,

_____,

Michael Shawn White PRO-SE
Bullock Correctional Facility
Post Office Box 5107
Union Springs, Alabama 36089-5107

**CERTIFICATE OF SERVICE**

I have served through the United States mail with proper postage and address to esquire Paul Whaley, Director of the Classification Division. 301 South Ripley Street. Montgomery, Alabama 36140.

_____,

Michael Shawn White, PRO-SE
Bullock Correctional Facility
Post Office Box 5107
Union Springs, Alabama 36089-5107

**CC: Paul Whaley,**
   **Director of the Classification Division**
   **301 South Ripley Street**
   **Montgomery, Alabama 36140**

   **Filed:**_____