IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL D. ANDERSON, #156270, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-CV-620-WKW |
| ) | [WO] |
| ) | |
| PAUL WHALEY, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Michael D. Anderson ["Anderson"], a state inmate, against Paul Whaley, the former director of classification for the Alabama Department of Corrections, Mike Slatton, a member of the classification central review board, and Annette Coleman, a classification specialist supervisor. Anderson complains the defendants relied on false information to form an opinion relative to his classification level. Anderson further contends that the defendants deprived him of due process and equal protection during the classification process when they refused to place him in a minimum custody facility. Finally, Anderson maintains defendant Whaley provided an affidavit containing perjury to a state court in a prior civil action. Anderson seeks monetary damages from the defendants for the alleged violations of his constitutional rights.

The defendants filed a special report and supporting evidentiary materials addressing

each of Anderson's claims for relief.  Pursuant to the orders entered herein, the court deems it appropriate to treat this report as a motion for summary judgment.  *Order of August 30, 2006 - Court Doc. No. 10*.  Thus, this case is now pending on the defendants' motion for summary judgment.  Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response in opposition to the report, the court concludes that the defendants' motion for summary judgment is due to be granted.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of

---

[1] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine issue of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive the defendants' properly supported motion for

3

summary judgment, Anderson is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e)(1), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the

plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the

evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Anderson fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

### III.  DISCUSSION

#### A.  Eleventh Amendment Immunity

With respect to any claims Anderson lodges against defendants Whaley, Slatton and Coleman in their official capacities, they are entitled to absolute immunity from monetary

damages. Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his [or her] official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that the defendants are state actors entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacities. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994). Thus, the defendants are entitled to absolute immunity from those claims for monetary relief presented against them in their official capacities. *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

### B. False Information

Anderson is currently incarcerated on a sentence of life imprisonment for murder. Anderson asserts the defendants relied on false information contained in his pre-sentence

7

report to characterize him as a societal predator and deem him an inappropriate candidate for placement in a less restrictive custody classification. *Plaintiff's Complaint - Court Doc. No. 1* at 6-7. The pre-sentence report shows Anderson has prior convictions for third degree assault (Assault III), third degree robbery (Robbery III) and theft of property first degree (Theft I). This report also indicates several arrests for other offenses which did not result in convictions including, but not limited to, disorderly conduct, reckless driving, third degree assault, possession of a sawed-off shotgun and second degree assault. The defendants acknowledge reliance on the information contained in the pre-sentence report during the classification process. However, they do not admit the information actually utilized in the decision-making process is false and deny any knowing reliance on false information when making the challenged decisions.

In *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), the Court held that reliance on ***admittedly false information*** to deny a prisoner consideration for parole was arbitrary and capricious treatment violative of the Constitution. The appellate court carefully distinguished the *Monroe* holding from its prior decision in *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir.), *cert. denied*, 459 U.S. 1043 (1982).

> Our holding today does not conflict with our earlier holding in *Slocum*, *supra*. In *Slocum*, the plaintiff, who had been denied parole, made the conclusory allegation that the Board must have relied upon erroneous information because otherwise the Board would surely have granted him parole. *Slocum*, 678 F.2d at 941. The plaintiff then sought to assert a due process right to examine his prison file for the alleged errors. Unlike the instant case, in *Slocum* the state did not admit that it had relied upon false

> information in denying parole nor did the plaintiff present any
> evidence that his prison file even contained any false
> information. We held process claim by merely asserting that erroneous
> information may have been used during their parole consideration. *Id.* at 942.
> We also determined that prisoners do not have a due process right to examine
> their prison files as part of a general fishing expedition in search of false
> information that could possibly exist in their files. *Id.* In the case at bar, we are
> confronted with prison authorities who admit that information contained in
> Monroe's files is false and that they relied upon such information, at least in
> part, to deny Monroe parole and to classify him as a sex offender. As we
> stated, the parole statute does not authorize state officials to rely on knowingly
> false information in their determinations. *Thomas [v. Sellers]*, 691 F.2d [487]
> at 489 [(11th Cir. 1982)].

*Monroe*, 932 F.3d at 1442.

*Slocum* controls the disposition of the instant case. The defendants maintain the information they relied on during the classification process is correct and that any reliance on this information therefore did not violate the plaintiff's constitutional rights. Specifically, there is no admission by any defendant that the information utilized in denying Anderson a lower custody classification is false, incorrect or erroneous. *Defendants' Exhibit 1 (Affidavit of Paul Whaley) - Court Doc. No. 9-2* at 1-2 ("I have never willingly or knowingly used any information I knew to be false to make any decision regarding the classification of any inmate at any time."); *Defendants' Exhibit 3 (Affidavit of Annette Coleman - Court Doc. No. 9-4* ("The information utilized for determination of placement for inmate Anderson was contained in his Central records file, specifically the Pre-Sentence Investigation completed by Pardon & Parole. Inmate Anderson's placement was based upon his overall criminal history."). Additionally, defendant Coleman does not dispute Anderson's assertion that his

9

criminal history contains references to offenses for which he was not convicted. *Id.* ("Also noted in his criminal history with no convictions are Disorderly Conduct, Assault III, Possession of a Sawed off Shot Gun, and Assault II."). Notwithstanding this concession, Coleman does not admit these offenses reflect false or inaccurate representations of Anderson's criminal history.

Anderson has failed to come forward with any evidence that the defendants knowingly used false information during the classification process. Moreover, Anderson's conclusory assertion regarding false information does nothing more than raise the possibility that information in his records may be false, and this mere possibility fails to provide a basis for relief. *Monroe*, 932 F.2d at 1142; *Jones v. Ray*, 279 F.3d 944 (11th Cir. 2001) ("[P]risoners cannot make a conclusory allegation regarding the use of [false] information as the basis of a due process claim.").

The record in this case establishes that the defendants did not rely on ***admittedly*** false information in their decisions regarding Anderson's custody classification. Consequently, the plaintiff is entitled to no relief as a matter of law and summary judgment is due to be granted in favor of the defendants on his false information claim.

### C. The Equal Protection Claims

Anderson identifies himself "as a African American Black man." *Plaintiff's Complaint - Court Doc. No. 1* at 4. Anderson asserts defendant Slatton denied his request for transfer to a less restrictive prison facility based on his race. *Plaintiff's Complaint Court*

*Doc. No. 1* at 2. In support of this assertion, Anderson alleges Slatton made "a racial comment" on the December 14, 2005 classification review form denying Anderson placement at an honor camp or work release center.[2] *Id.* Anderson further complains defendant Whaley's characterization of him as "a predator ... is racist and prejudicial." *Id.* at 8. Slatton and Whaley deny the allegations set forth by Anderson and maintain race played no role in their decisions regarding Anderson's classification level. Specifically, Slatton argues he did not make any racially insensitive remarks on the progress review form; rather, Slatton states he merely "noted on the ... form that [Anderson] had a long criminal history that included instances of violence and that [Anderson] finally killed a victim." *Defendants' Exhibit 2 (Affidavit of Mike Slatton) - Court Doc. No. 9-3*. A thorough review of the progress review form filed by the plaintiff corroborates Slatton's version of his remarks and refutes the conclusory allegation made by Anderson, i.e., the form is devoid of any racial comment by Slatton. *See Plaintiff's Exhibit 1- Court Doc. No. 1-2*. Whaley likewise denies he "used [Anderson's] race against him.... For the purpose of classification, it matters not to me [the race of] the offender...." *Defendants' Exhibit 1 (Affidavit of Paul Whaley) - Court Doc. No. 9-2* at 2. Whaley argues he classified Anderson based on his current and previous convictions which included a "documented history of aggressive behavior." *Id.*

In order to establish a claim cognizable under the Equal Protection Clause, "a prisoner

---

[2] The plaintiff submits the progress review form as Exhibit 1 to his complaint (Court Doc. No. 1-2).

must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Dept. of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... Proof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977). "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). Evidence which merely indicates disparity of treatment or even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987).

Since this case is before the court on a properly supported motion for summary judgment from the defendants, Anderson bears the burden of producing evidence which

would be admissible at trial sufficient to show that the actions of the defendants resulted from intentional discrimination. *Celotex*, 477 U.S. at 322-324; *Waddell*, 276 F.3d at 1279. The plaintiff cannot rest on conclusory allegations of a constitutional violation to defeat summary judgment nor is "[t]he mere existence of a scintilla of evidence in support of [his] position" sufficient to avoid summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. at 252. Instead, the law is clear that the plaintiff must present significant probative evidence to preclude summary judgment in favor of the defendants. *Id*. at 249.

Anderson fails to identify any similarly situated inmate who received more favorable treatment from the defendants. Thus, Anderson's "equal protection claim necessarily fails first because he has not shown that he was treated differently from other, similarly situated prisoners." *Sweet*, 467 F.3d at 1319. In addition, it is clear from the evidentiary materials properly before the court that the defendants based their classification decisions on the plaintiff's criminal history. Consequently, Anderson likewise fails to demonstrate the defendants acted with invidious discrimination. *Id.* Anderson has therefore not been denied equal protection of the law with respect to the challenged classification decisions and the defendants are entitled to summary judgment on these claims.

### D. Custody Classification

To the extent Anderson maintains he is entitled to placement in a lower custody classification because he meets the eligibility criteria for such classification, he is entitled to no relief as an inmate confined in the Alabama prison system has no constitutionally

protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Francis v. Fox*, 838 F.2d 1147 (11th Cir. 1988); *Jones v. Diamond,* 594 F.2d 997 (5th Cir. 1979).

### E.  Perjury Allegation

Anderson contends that defendant Whaley committed perjury in an affidavit submitted in a civil action before the Circuit Court of Montgomery County, Alabama. Whaley denies this allegation and maintains the information contained in his affidavit is correct based on his knowledge of the circumstances of Anderson's case. The law is well settled that 42 U.S.C. § 1983 does not authorize the assertion of a damages claim for alleged acts of perjury during state court proceedings. *Briscoe v. LaHue*, 460 U.S. 325, 334-336, 103 S.Ct. 1108, 1115-1116, 75 L.Ed.2d 96 (1983) (all witnesses, including government officials, are entitled to absolute immunity from damages liability for their testimony in judicial proceedings);[3] *Freeze v. Griffith*, 849 F.2d 172, 174 (5th Cir. 1988); *Austin v. Borel*, 830 F.2d 1356, 1359 (5th Cir. 1987). Thus, defendant Whaley is entitled to summary judgment on this claim.

### F.  Criminal Prosecution

---

[3] In *Briscoe*, the Supreme Court further implied that the false testimony of a law enforcement official in and of itself does not violate an accused's constitutional rights. 460 U.S. at 327, n. 1.

Anderson asserts defendant Whaley "is due prosecution" for perjury. *Plaintiff's Complaint - Court Doc. No. 1* at 4. In order to proceed on a claim under 42 U.S.C. § 1983, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981). A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981). Consequently, Anderson has no constitutionally protected interest in the criminal prosecution of defendant Whaley, and this claim is therefore subject to dismissal as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(I).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before August 25, 2009 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general

objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of August, 2009.

                                                /s/Charles S. Coody
                                             CHARLES S. COODY
                                             UNITED STATES MAGISTRATE JUDGE